FILED

MAR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBORAH K. RUTLEDGE and
THOMAS R. RUTLEDGE,

          Plaintiffs - Appellees,

v.

UNITED STATES OF AMERICA,

          Defendant - Appellant.

No. 09-15198

DC CV No. 06-008

MEMORANDUM[*]

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted February 15, 2011
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

      The United States appeals from the district court's judgment awarding

damages, after a bench trial, to plaintiffs on their personal injury/medical

malpractice claim under the Federal Tort Claims Act ("FTCA"). We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Guam law governs this FTCA action. 28 U.S.C. §§ 1346(b)(1), 2674.

We review for clear error the district court's factual findings, including its findings on causation. *Oberson v. U.S. Dep't of Agric.*, 514 F.3d 989, 1000 (9th Cir. 2008). We also review for clear error the district court's damages determination. *Trevino v. United States*, 804 F.2d 1512, 1514-15 (9th Cir. 1986).

1.      The district court did not clearly err in finding causation. One of plaintiffs' experts, Dr. Steele, testified that Mrs. Rutledge would not have sustained severe neurological injury but for the negligence of Air Force medical personnel. Although government experts testified to the contrary, it was not clear error for the district court to credit Dr. Steele's testimony. *See Prescod v. AMR, Inc.*, 383 F.3d 861, 869 (9th Cir. 2004). The government's argument that no "reliable evidence" showed that Mrs. Rutledge had Cauda Equina Syndrome ("CES") at the time of her visits to the Air Force clinic is semantic. Whether or not she had CES or a pre-CES condition, the evidence supported the district court's ultimate finding that Mrs. Rutledge would not have sustained her severe injuries if Air Force medical personnel had met the applicable standard of care.

2.      Nor did the district court clearly err in its damages award. In light of Mrs. Rutledge's severe injuries, the award is not so excessive as to shock the sense

of justice under Guam law. 20 Guam Code Ann. § 2281 ("Damages must, in all cases, be reasonable . . . ."); *see Yako v. United States*, 891 F.2d 738, 745 (9th Cir. 1989) ("To determine whether an [FTCA] award is excessive, this court looks to the relevant state's [or territory's] case law on excessive awards."); *Porter v. Tupaz*, 1984 WL 48854, at *5 (D. Guam App. Div. June 12, 1984) ("[A]n appellate court may interpose its judgment as to the proper amount of damages for personal injuries only when it appears that the recovery in the lower court was so excessive as to shock the sense of justice and raise a presumption that the amount awarded was arrived at as a result of passion and prejudice, rather than upon a fair and honest consideration of the facts.").

Although we might come to different conclusion had we been sitting in the trial court, we cannot say that the award shocks the sense of justice. And there is no indication on this record, nor does the government argue, that the amount of the award was influenced by passion or prejudice.

**AFFIRMED.**